**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ELENA ZAKHAROVA, *et al.*,

Plaintiffs,

v.

AIR MALIBU CANYON, LLC, *et al.*,

Defendants.

Case No. 2:26-cv-06600-MWC-PVC

**ORDER DENYING JOINT STIPULATION FOR EXTENSION OF TIME FOR DEENDANT AIR MALIBU CANYON LLC TO RESPOND TO COMPLAINT (DKT. [21])**

Before the Court is the parties' Joint Stipulation for Extension of Time for Defendant Air Malibu Canyon LLC to Respond to Complaint ("Stipulation"). Dkt. # 21.

On June 29, 2026, Defendant Air Malibu Canyon LLC ("Defendant") received service of Plaintiffs Elena Zakharova and Vadim Zakharova's ("Plaintiffs") initial Complaint, setting Defendant's deadline to respond to July 20, 2026. *See id.* ¶ 1. On July 24, 2026, the Court issued an Order to Show Cause Re Dismissal of Defendant for Lack of Prosecution, noting Defendant's overdue responses. Dkt. # 16. On July 30, 2026, the parties filed their first Stipulation to extend Defendant's response deadline to August 18, 2026, Dkt. # 17, which the Court granted on August 3, 2026. Dkt. # 19. On August 18, 2026, the date that Defendant's response was due, the parties filed the instant Stipulation, requesting an additional two weeks to respond to the Complaint. *See* Dkt. # 21. The parties represent that good cause exists to allow Defendant "additional time to investigate the factual allegations with their client, evaluate potential defenses, and continue the Parties' meet-and-confer efforts regarding potential resolution[.]" *Id.* ¶ 3.

The Court does not find good cause exists based on these facts. Defendant has had almost two months to review the contents of the Complaint and formulate a defense. Defendant has "failed to articulate any grounds justifying the request for additional time to investigate" given that it has had such time. *See, e.g.*, *Olivares v. Blanche*, No. 16-70560, 2026 WL 2268273, at *2 (9th Cir. Aug. 6, 2026); *United States v. Lawley*, No. 13CR0665-LAB, 2013 WL 3873176, at *2 (S.D. Cal. July 25, 2013) ("[C]onspicuously absent from this request is any attempt to specifically explain why such investigation hasn't happened yet."). Moreover, to demonstrate diligence, the movant is required to show they were diligent in seeking amendment once the need to extend became apparent. *See United States ex rel. Terry v. Wasatch Advantage Grp., LLC*, 327 F.R.D. 395, 404 (E.D. Cal. 2018). Here, Defendant brings this request at the eleventh hour, on the date that its deadline expires. Defendant was therefore not diligent in seeking an extension. For the foregoing reasons, the Court **DENIES** the Stipulation (Dkt. # 21).

**IT IS SO ORDERED.**

DATED: August 20, 2026

Hon. Michelle Wiliams Court
United States District Judge